HEAD, revenue-commissioner, v. TRUSTEES OF JESSE PARKER WILLIAMS HOSPITAL et al.

ATKINSON, Presiding Justice. The exception is to a judgment sustaining a general demurrer to the petition of Grady Head as State revenue-commissioner for intervention in the case of *Taylor v. Trustees of Jesse Parker Williams Hospital*, ante, 349. The object of the intervention was to collect an inheritance tax alleged to be due to the State of Georgia by the plaintiff Taylor as heir at law, and certain ad valorem taxes alleged to be due to the State on the property devised by will to the Trustees of Jesse Parker Williams Hospital. There were no assets or funds in the custody of the court for distribution to creditors or others. *Held:*

1. While the main suit was in equity, the prayers being for injunction and for establishing title of the plaintiff to the property involved, and for an accounting, these were matters purely of personal concern as between the parties to the suit, in which the State did not have any special interest. In such circumstances there is no authority of law for the State to intervene. See generally on this subject, Code, §§ 37-1006; 55-304; 55-312; 24-211; Krippendorf v. Hyde, 110 U. S. 276 (4 Sup. Ct. 27, 28 L. ed. 145); 11 Enc. Pl. & Pr., 498 (b), note 2.

2. The judge did not err in dismissing the petition for intervention, on general demurrer. *Judgment affirmed. All the Justices concur.*

No. 13173. MAY 23, 1940.

*Broadus B. Zellars, assistant attorney-general, Bryan, Middlebrooks & Carter, and N. T. Anderson Jr.,* for plaintiff.
*Spalding, Sibley, Troutman & Brock,* for defendants.